# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re** <br><br> **SONYA OWENS**, <br><br> **Debtor.** | Case No. 17-cv-00637 (CRC) |

## MEMORANDUM OPINION AND ORDER

Debtor Sonya Owens filed a voluntary Chapter 13 petition in February 2017. In re Owens, 17-bk-93 (ECF No. 1).[1] At that time, she applied to pay the $310 bankruptcy filing fee in installments. ECF No. 2. In an Order dated February 23, the Clerk of the Bankruptcy Court denied that application, explaining that Owens had failed to pay the filing fee in a prior bankruptcy case and instructing Owens to pay the fee in full within 14 days. B.R. 3. In a separate order issued that day, the Clerk notified Owens that several necessary documents were missing or deficient, and gave her until March 2 to correct those deficiencies. ECF No. 11. On March 8, her record was still missing documents, and the Bankruptcy Court directed her to file them by March 22 or her case would be dismissed. ECF No. 25. Owens filed a notice of appeal that same day. She identified, as the subject of the appeal, the Bankruptcy Court's "[d]ecisions announced February 2017." B.R. 5.

Under Federal Rule of Bankruptcy Procedure 8018(a)(1), Owens' opening appellate brief was due no later than 30 days after the docketing of the transmittal of the bankruptcy appeal record. Her opening brief was thus due May 17, 2017. This Court issued a minute order on

---

[1] The ECF numbers in this Opinion refer to entries in the Bankruptcy Court docket.

August 3, 2017 informing Owens that her brief was overdue and directing her to file an opening brief no later than August 24. She has not done so, nor has she provided an explanation for her failure to file the brief or sought an extension of time.

"If an appellant fails to file a brief on time or within an extended time authorized by the district court," the court, "after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). Owens' brief is over five months overdue and it has been over two months since the deadline the Court imposed in its August minute order. She has declined to offer any explanation for the delay. Dismissal is therefore warranted under the Bankruptcy Rules.

Nevertheless, given that Owens is proceeding *pro se*, and that she included legal argument in her notice of appeal—which is styled as a "Notice of Appeal and Complaint"—the Court has considered the arguments raised in her notice. And it finds that dismissal is independently warranted for lack of jurisdiction.

Owens alleges, in essence, that the Bankruptcy Court improperly denied her request to pay the filing fee in installments; that the Court's orders had no binding effect because they were entered by the Deputy Clerk of the Bankruptcy Court; that her first installment payment was taken and used for other purposes; that the Bankruptcy Court falsely identified deficiencies in her filings; and that the foregoing problems amount to due process violations. Notice of Appeal & Compl. 1–4.

This Court seriously doubts the soundness of these claims on the merits. But, in any event, the Court lacks jurisdiction to review the interlocutory case-management orders that Owens has appealed. A party in a bankruptcy case may appeal, as of right, "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). But the district court must

2

grant leave before reviewing interlocutory orders like those Owens has appealed here. Id. § 158(a)(3).

Owens has not requested leave and, even if she had, the Court would deny it. Leave to appeal an interlocutory order is warranted only where the order appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion." In re Beitzell & Co., Inc., 1991 WL 283141, at *2 (D.D.C. Dec. 20, 1991) (quoting 28 U.S.C. § 1292(b)); see also 28 U.S.C. § 158(c) ("An appeal [of a bankruptcy court order] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."). The ministerial orders that Owens has appealed, which relate to filing fees and deficiencies in her filings, raise no substantive legal issues.

It is true that, while Owens' notice of appeal was pending, the Bankruptcy Court in April 2017 dismissed Owens' case. It did so based on her failure to respond to the court's February order instructing her to file a necessary form about her social security numbers. ECF No. 42; see also ECF No. 34 (show cause order). But the Court cannot, based on Owens' notice of appeal of the interlocutory orders issued in February, simply review the Bankruptcy Court's subsequent dismissal of her case, which she has not appealed. While a premature notice of appeal from "certain nonfinal decisions" can "serve as an effective notice from a subsequently entered final judgment," the Rules do not permit "a notice of appeal from a *clearly interlocutory decision* to serve as a notice of appeal from the final judgment." FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 274, 276 (1991) (emphasis added) (interpreting Federal Rule of Appellate Procedure 4(a)(2)); see Fed. R. Bankr. P. 8002 advisory comm. n. ("This rule is an adaptation of Rule 4(a) F.R.App.P."). Rather, the Court could allow Owens' premature notice to ripen only if she appealed a decision that "would be appealable if immediately followed by the entry of

judgment." FirsTier, 498 U.S. at 276 (emphasis omitted).  The interlocutory orders that Owens attacks—several of which have nothing to do with the ultimate reason for dismissal—are not of that nature.

It is therefore

**ORDERED** that this appeal is DISMISSED for lack of jurisdiction.

**SO ORDERED**.  This is a final, appealable order.

                                                          CHRISTOPHER R. COOPER
                                                          United States District Judge

Date: October 25, 2017